**Joyce WOODALL; Concerned Women for America, Incorporated, Plaintiffs–Appellants,**

v.

**Janet RENO; United States of America, Defendants–Appellees.**

**No. 94–1953.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 3, 1994.

Decided Feb. 13, 1995.

---

**ARGUED:** Wendell R. Bird, Bird & Associates, P.C., Atlanta, GA, for appellants. Mark I. Levy, Civ. Div., U.S. Dept. of Justice, Washington, DC, for appellees. **ON BRIEF:** David J. Myers, Bird & Associates, P.C., Atlanta, GA; William J. Olson, William J. Olson, P.C., McLean, VA, for appellants. Frank W. Hunger, Asst. Atty. Gen., Helen F. Fahey, U.S. Atty., Mark B. Stern, Jonathan R. Siegel, Civ. Div., Deval L. Patrick, Asst. Atty. Gen., William R. Yeomans, counsel to the Asst. Atty. Gen., Civ. Rights Div., U.S. Dept. of Justice, Washington, DC, for appellees.

Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded with instruction by published opinion. Judge MICHAEL wrote the opinion, in which Judge HALL and Senior Judge CHAPMAN joined.

## OPINION

MICHAEL, Circuit Judge:

Plaintiffs appeal the district court's order dismissing their complaint which raises a facial challenge on constitutional grounds to the Freedom of Access to Clinic Entrances Act (the Access Act or Act), Pub.L. No. 103–259, 108 Stat. 694 (1994) (to be codified at 18 U.S.C. § 248). We affirm in part, vacate the dismissal with prejudice of plaintiffs' prior restraint claim (Count V), and remand with the instruction to dismiss Count V without prejudice.

Plaintiff Joyce Woodall alleges that she prays peacefully in front of entrances to abortion clinics to discourage women from having abortions. She claims that her acts. make her vulnerable to criminal prosecution under the Access Act. Plaintiff Concerned Women for America (CWA) alleges that it is "the nation's largest pro-family women's organization, with ... 600,000 members." CWA says that some of its members pray peacefully "in front of abortion clinic entrances and nonviolently discourage access to the entrances." Plaintiffs claim that the Access Act, particularly to the extent that it outlaws their peaceful obstruction of access to clinics, is an unconstitutional proscription on free speech.

This case was argued immediately after *American Life League, Inc. v. Reno,* 47 F.3d 642 (4th Cir.1994), a decision we also hand. down today. Plaintiffs here make most of the arguments made by the plaintiffs in *American Life League.* Accordingly, to the extent plaintiffs here claim that the Access Act violates the First Amendment or is vague and overbroad, we reject their argu-

ments and affirm on the reasoning of our opinion in *American Life League.*

Plaintiffs raise one issue not decided in *American Life League.* They argue that the Access Act is unconstitutional because its injunctive relief provisions authorize prior restraints on speech.

If the "Attorney General of the United States" or the "Attorney General of a State" has "reasonable cause" to believe that a person "is being, has been, or *may be* injured by conduct" violating the Access Act, the Act authorizes that Attorney General to file a civil action for injunctive relief. Act, § 3(c)(2)–(3) (emphasis added). Plaintiffs argue that this provision unconstitutionally authorizes prior restraint of expression against persons who "may" violate the Act by non-violent, physical obstruction.

Plaintiffs do not claim that they are presently subject to an injunction under the Access Act or that one is being sought against them. The government therefore argues that the prior restraint issue has been raised prematurely and should not be decided in this case.

We agree that the time is not right for consideration of this issue. We have no factual record of an actual or threatened application of the Access Act's injunctive relief provisions. Moreover, we will not assume that a court would issue an injunction in violation of the well-established prior restraint doctrine. *See, e.g., New York Times Co. v. United States* (the Pentagon Papers Case), 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971) (per curiam); *see also Madsen v. Women's Health Center,* —— U.S. ——, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994). The record before us is insufficient to present the prior restraint issue in a "clean-cut and concrete form." *Renne v. Geary,* 501 U.S. 312, 322, 111 S.Ct. 2331, 2339, 115 L.Ed.2d 288 (1991). Accordingly, we believe consideration of this issue should be deferred until a more concrete controversy arises. *See id.; Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 303–04, 99 S.Ct. 2301, 2311–12, 60 L.Ed.2d 895 (1979).

For the reasons stated above and in *American Life League,* the district court's dismiss-

al order is affirmed with one exception. The order is vacated to the extent that it dismissed Count V of plaintiffs' complaint (relating to prior restraint) with prejudice. We remand with the instruction to dismiss Count V without prejudice.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTION.*