UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NICHOLAS C. DONNANGELO,
Plaintiff-Appellant,

v.

DALE POLEN MYERS, in her official

capacity as Chairperson of the
Board of Supervisors of Loudoun
County, Virginia and Individually,
Defendant-Appellee.

No. 98-1730

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-98-329-A)

Argued: March 1, 1999

Decided: August 2, 1999

Before ERVIN, MICHAEL, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Michael and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Thomas Hunt Roberts, THOMAS H. ROBERTS &
ASSOCIATES, P.C., Richmond, Virginia, for Appellant. Roderick
Benedict Williams, HOPKINS & SUTTER, Washington, D.C., for

Appellee. **ON BRIEF:** Mary Catherine Bauer, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF VIRGINIA, Richmond, Virginia, for Appellant. David T. Ralston, HOPKINS & SUTTER, Washington, D.C.; John R. Roberts, County Attorney, Leesburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Nicholas C. Donnangelo ("Donnangelo") filed this § 1983 action against Dale Polen Myers ("Myers"), Chairperson of the Board of Supervisors of Loudoun County, Virginia ("the Board"), alleging that Myers' conduct following Donnangelo's remarks to the Board violated his First Amendment rights. Myers filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) contending that Donnangelo's rights were not infringed because she never prevented him from speaking before the Board and, that even if she had, her conduct was protected by absolute immunity.

The district court granted Myers' motion to dismiss on grounds that she was acting in furtherance of her duties as Chairperson of the Board so her conduct amounted to a legislative act protected by absolute immunity. We find that, because Donnangelo was never prevented from speaking before the Board, he has yet to sustain a redressable injury and his appeal is not yet ripe. Albeit on different grounds, we affirm the dismissal.

I.

On March 4, 1998, the Board held an open meeting during which there was a public comment session. Public comment sessions are governed by the Board's Rules of Order for Public Comments and

2

Public Hearings ("Rules of Order").* As required by the Rules of Order, Donnangelo reserved time to speak prior to the meeting. He indicated that he planned to address issues relating to the Loudoun County ("the County") budget then under review by the Board.

At his appointed time, Donnangelo addressed the Board voicing his objections to the rising budget and increased taxes within the County. To punctuate his comments, Donnangelo held up campaign literature used by Board members in previous campaigns to remind members that the public elected them because they promised to limit the County's budget and not to raise taxes.

Immediately after Donnangelo finished his remarks, Myers responded to Donnangelo's presentation by saying:

> Before I call the next speaker, and before Mr. Donnangelo leaves, as he usually does as soon as he gets through with his statement, I would like to make two statements on behalf of the corporate Board, showing maybe a little bit of leadership that he feels I don't demonstrate at times. You've made your statements on several different occasions now about the credit rating of this Board and of this County. And I know that you have received a letter that tells you that the statements you have made are simply not true. You are not going to respond, Mr. Donnangelo. This is a comment. So you can sit back down.

* * *

> Tonight we have given you quite a bit of leniency. From now on when you come in, and it's to personally attack Board members, it will not happen again ... (Donnangelo left the building)... If you have a corporate statement to make about issues or the Board of Supervisors, we'll be

_____

*Among other things, the Rules of Order set time limits for speakers and require that decorum be maintained. Specifically, the Rules provide that "[a]ll comments will be directed to the Board of Supervisors as a body," and "[s]tatements which are demeaning or inappropriate shall be ruled out of order."

3

happy to take your input, but if it is simply, once again, attacks on Board members, from this point on, this is not the forum to do that. As the chair of the Board, I will rule you out of order, and it will not go on.

Tr. of Video Tape, Donnangelo's Ex. #2 at 27-28.

Based on these remarks, Donnangelo filed the instant action alleging that Myers' conduct violated his right to free speech and to petition the government for a redress of his grievances as protected by the First Amendment. He also insisted that Myers' comments violated his due process rights under the Fourteenth Amendment, and his free speech rights under the Virginia Constitution. Donnangelo sought declaratory and injunctive relief along with compensatory and punitive damages.

After issuing an answer, Myers filed a Rule 12(b)(6) motion to dismiss on two grounds. First, she insisted that Donnangelo's claim failed to present a case or controversy because he suffered no injury. Myers argued that Donnangelo had been given every opportunity to speak before the Board on the night in question and thereafter had never attempted to address the Board, much less been prevented from doing so. In the alternative, Myers contended that if a justiciable controversy was found, she was protected by either absolute or qualified immunity.

The district court granted Myers' motion to dismiss reasoning that she was performing a legislative act when she made her remarks to Donnangelo and was therefore shielded from civil liability by absolute immunity. Donnangelo appealed the dismissal.

II.

On appeal, Donnangelo argued that Myers' comments amounted to a prior restraint in violation of the First Amendment. His argument rested predominantly on the notion that Myers' statement -- "[f]rom now on, when you come in, and it is to personally attack Board members, it will not happen again . . . . As the chair of the Board, I will rule you out of order, and it will not go on."-- impermissibly chilled his speech.

4

Myers argued that her comments amounted to nothing more than a reminder to Donnangelo of the Board's Rules of Order requiring that all comments be directed to the Board as a collective body and that decorum be maintained. Because she never prevented him from speaking on the night in question, or at any time in the future, Myers insisted that Donnangelo had suffered no injury. Without such an injury, Myers contended, Donnangelo's claim did not present a case or controversy ripe for this Court's adjudication. We agree.

Whether a case is ripe for review bears on a court's subject matter jurisdiction under the Case or Controversy Clause of Article III. See New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1498-99 (10th Cir. 1995). The burden falls on the complainant to allege facts sufficient to demonstrate the appropriateness of a judicial resolution. See Renne v. Geary, 501 U.S. 312, 316 (1991). "Ripeness is a question of law, which we review de novo." Gonzales, 64 F.3d at 1499.

III.

Justiciability requirements mandate that we refuse to consider cases that are not yet ripe for adjudication. See Renne, 501 U.S. at 320-21. "[R]ipeness is peculiarly a question of timing," Regional Rail Reorganization Act Cases, 419 U.S. 102, 140 (1974), intended to deter courts from issuing advisory opinions in abstract disagreements. See generally Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). In other words, the doctrine of ripeness is intended to prevent judicial consideration of disputes until the controversy is presented in "clean-cut and concrete form." Renne, 501 U.S. at 322 (citations omitted).

When making a ripeness determination we utilize a two-factor test asking whether (1) the issue is fit for judicial review and (2) if hardship will befall the parties by withholding judicial review. See Arch Mineral Corp. v. Babbitt, 104 F.3d 660, 665 (4th Cir. 1997). Because of the unique chilling effect of unconstitutional restrictions on free speech, however, the ripeness analysis is often relaxed in First Amendment cases. See Gonzales, 64 F.3d at 1500 ("The primary reasons for relaxing the ripeness analysis in this context is the chilling effect that potentially unconstitutional burdens on free speech may occasion.").

5

In the First Amendment context, therefore, we must limit our decisions to cases that demonstrate live disputes involving actual or threatened government action to bar speech, keeping in mind the distinct characteristics of a free speech claim. See generally, Renne, 501 U.S. at 320-322. Previously, we have held that, without a factual record of an actual or threatened state action resulting in the suppression of speech, no ripe, justiciable controversy exists. See Woodall v. Reno, 47 F.3d 656, 658 (4th Cir. 1995). See also Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 198 (4th Cir. 1997) (holding that unless the complainant presents evidence that he is currently facing actual or threatened adverse effects, the action is not a live controversy).

A.

First, we determine whether Donnangelo's claim is fit for judicial consideration. Although most cases in which courts have examined whether an issue is fit for judicial review involve agency actions, the concept behind the ripeness doctrine -- avoiding premature adjudication of abstract disputes -- applies equally in the instant case in which the dispute is not ripe because the injury alleged has yet to occur and may never materialize.

Donnangelo has failed to demonstrate that he was injured in any way by Myers' comments. First, under no set of facts presented in his complaint can Donnangelo show that he was denied his right to free speech. There is no evidence that Donnangelo was prevented from speaking on the night in question. It is undisputed that Myers waited to speak until Donnangelo was completely finished with his remarks and had taken his seat. Nor is there any evidence that Donnangelo was prohibited from speaking to the Board at any future time. Without more, Donnangelo has not suffered an injury that this Court can redress.

Notably, nowhere in his complaint does Donnangelo allege that he has been prohibited from speaking as of yet. He merely contends that he has suffered a prospective injury, namely that, as a result of Myers' threats, he has not appeared before the Board again for fear of reprisal. This argument is equally unavailing. As stated by the Supreme Court in Renne, the mere allegation that an action was not repeated

6

for fear of future adverse action is insufficient to create a ripe contro-versy. 501 U.S. at 321 (holding that the plaintiff's contention that it had not repeated the contested action for fear of prosecution was insufficient to provide a ripe, justiciable controversy). Donnangelo has not alleged that he has attempted to speak before the Board again and been prevented from doing so. Nor does he allege that he intends to speak before the Board at any time in the future. Donnangelo merely alleges that Myers' remarks have already chilled his speech. Under no reading of his complaint can we find evidence that a redressable injury actually occurred.

Myers' comments amounted to nothing more than a reminder and a warning to Donnangelo that citizens who speak before the Board are subject to the Rules of Order and failure to follow them warrants the loss of that right. Even when all of the allegations in his complaint are taken as true and viewed in the light most favorable to him, Don-nangelo fails to demonstrate that he has sustained an injury sufficient to constitute a ripe dispute fit for our consideration.

B.

Perhaps more importantly, deferring consideration of this appeal will not further impinge upon Donnangelo. In assessing the hardship to the parties, we must determine whether postponing review will cause harm to the petitioner that is "immediate, direct, and signifi-cant." West Virginia Highlands Conservancy, Inc. v. Babbitt, 161 F.3d 797, 801 (4th Cir. 1998) (citations omitted). Our decision to dis-miss his appeal does not cause Donnangelo any foreseeable harm. Such a resolution in no way prevents Donnangelo from appearing before the Board in the future to express his views subject to the Rules of Order. If at that time, he is prohibited from expressing his views, Donnangelo can pursue his First Amendment claim in court. Until he can show that he actually suffered an injury, however, Don-nangelo's claim will remain an abstract disagreement over which we do not have jurisdiction.

IV.

For the foregoing reasons, we hold that Donnangelo's appeal fails to present a live controversy ripe for adjudication. Accordingly, we

7

believe consideration of this issue should be deferred until and unless a more concrete dispute arises. The decision of the district court is therefore

AFFIRMED.

8